```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                   Criminal No.   08-cr-135-01-SM

Normand Forand

### O R D E R

The defendant appeared for a bail revocation hearing on July 11, 2012.  The allegations in support of the claimed bail violations are more fully stated in the Report of Bail Violation filed on July 11, 2012.  Based on the alleged violations, the government requested detention.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is–
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> >
> > (B) clear and convincing evidence that the person has violated any other condition of release; and

      (2) finds that--

          (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

          (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1). In order to satisfy the probable cause requirement of § 3148 (b)(1)(A), the facts available to the judicial officer must "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990)(citations omitted).

    If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of

section 3148 (b)(2)(A) or (B).[1]  Aron, 904 F.2d at 224;  United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

In this case, the defendant stipulated to the bail violation and counsel agreed to proffer on the issue of conditions of release.  For the reasons very thoroughly stated on the record, the court finds the government has established by a preponderance of the evidence that no combination of conditions can assure the safety of the community and that the defendant is unlikely to abide by any combination of conditions set by the court.  In short, this finding is justified based upon the defendant's repeated and escalating substance abuse (even after informed by USPO Daniel Gildea that he was being violated for drug use and while recently enrolled in an inpatient treatment program), his continued denial that he has substance abuse issues, his prior unmotivated participation in substance abuse counseling, and his

---

[1] Because this is a bail violation on a supervised release violation, arguably the defendant has the burden to prove by clear and convincing evidence that he does not present a flight risk or danger to the community and that he is likely to abide by conditions of release.  See Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a).  For purposes of this hearing, however, the court will assume that burden rests on the government in this case.

3

recent discharge from inpatient treatment within days of his admission after being warned by the court about the adverse repercussions of not successfully completing the program.

Therefore, for the reasons stated on the record and summarized above, the conditions of release are revoked. Accordingly, it is **ORDERED** that the defendant be detained until the final revocation hearing on August 7, 2012.  The court recommends entry into the Therapeutic Community ("TC") Program should the defendant be detained in the Strafford County House of Corrections.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                              <u>/s/ Daniel J. Lynch</u>
                                              Daniel J. Lynch
                                              United States Magistrate Judge

Date: July 12, 2012

cc:    Counsel of Record
       U.S. Marshal
       U.S. Probation